OPINION
Appellant, Hillside Dairy Company ("Hillside"), appeals from the May 13, 1999 decision and June 16, 1999 entry of dismissal of the Franklin County Court of Common Pleas granting the motion to dismiss of appellee Self-Insuring Employers Evaluation Board ("SIEEB"). For the reasons that follow, we affirm.
On October 7, 1998, SIEEB held an informal conference concerning whether Hillside was obligated to pay certain medical bills of one of its employees who had filed a workers' compensation claim. On March 10, 1999, SIEEB issued "Informal Hearing Findings" directing Hillside to pay the medical bills. The order specified in pertinent part:
 * * * Therefore, the Board requests that the medical bills be paid in accordance with this order and that no further action be taken in this matter as long as the relevant medical bills are paid within 30 days of the employer's receipt of this order and proof thereof submitted to the Self-Insured Department. Should the employer fail to comply with this order, the matter will be returned to the Board for consideration of a fine and possible revocation of its self-insured status.
On March 22, 1999, Hillside filed a notice of appeal with SIEEB and, on March 23, 1999, Hillside filed a "Submission of Notice of Appeal (pursuant to R.C. 119.12)" with the trial court. On April 21, 1999, SIEEB filed a motion to dismiss the action for lack of subject matter and failure to set forth a cause of action upon which relief could be granted. The trial court found that it lacked subject-matter jurisdiction over the action and granted the motion to dismiss. On May 21, 1999, Hillside filed a motion for reconsideration, which the trial court denied by entry filed June 16, 1999. On the same date, the trial court filed a "Final Entry of Dismissal" which had been submitted by counsel for SIEEB. It is from this judgment Hillside appeals, assigning as error the following:
Assignment of Error No. 1
 The Trial Court Erred to Hillside Dairy Company's Prejudice By Dismissing Its Timely-Perfected R.C. 119.12
Appeal Upon Lack of Jurisdiction Grounds Because SIEEB's Subject Order Was:
(a) an adjudicative order;
 (b) entered by the highest level of authority within that agency; and
 (c) adversely affected Hillside Dairy Company's legal rights.
 Assignment of Error No. 2
 The Trial Court Erred to Hillside Dairy Company's Prejudice By Overruling Its April 23, 1999 Motion for Summary Reversal, Which Motion Was Premised On the Ground That SIEEB Had Failed And Refused to Certify Its Record of Administrative Proceedings To Such Court.
 Assignment of Error No. 3
 The Trial Court Abused Its Decisional Discretion To Hillside Dairy Company's Prejudice By Overruling Hillside's May 21, 1999 Motion For Reconsideration Of Such Court's Then-Interlocutory May 13, 1999 "Decision" Granting SIEEB's Motion To Dismiss.
 Assignment of Error No. 4
 The Trial Court Both Erred And Abused Its Decisional Discretion By Ruling Upon SIEEB's Motion to Dismiss Without First Requiring Such Agency To Submit Its Duly-Certified Record of Proceedings Where:
 (a) the content of such record was germane to and dispositive of the jurisdictional issue which the trial court decided,
 (b) the unsworn representations of SIEEB's appellate counsel that no such record existed were known to be false, and
 (c) the absence of such duly-certified record was likely to adversely affect Hillside Dairy Company's Due Process Right to Appellate Review by this Court.
 Assignment of Error No. 5
 The Trial Court Both Erred And Abused Its Decisional Discretion to Hillside Dairy Company's Prejudice By Overruling Its R.C. 119.12 Motion (Filed March 23, 1999) For Suspension And Stay of SIEEB's March 10, 1999 Order Pending the Determination of Hillside's R.C. 119.12
Appeal.
SIEEB is a three-member board created by statute consisting of a member of the Industrial Commission of Ohio, a member of the Ohio self-insurance association, and a representative of labor. R.C. 4123.352(A). For administrative purposes, SIEEB is part of the bureau of workers' compensation.Id. The purpose of SIEEB is to investigate and order corrective action with regard to complaints or allegations of misconduct against self-insuring employers or questions as to whether self-insuring employers continue to meet minimum standards. R.C.4123.352(C).
SIEEB's determinations in this regard "need not be made by formal hearing but shall be issued in written form and contain the signature of at least two board members." Id. SIEEB may also conduct formal hearings pursuant to R.C. Chapter 119, and make recommendations to the administrator of workers' compensation for disciplining a self-insuring employer. Id. Where the board makes such recommendations to the administrator, "the administrator promptly and fully shall implement the recommendations." Id.
In its first assignment of error, Hillside argues the trial court had subject-matter jurisdiction over the appeal because the informal hearing findings amount to an adjudication under R.C. Chapter 119. R.C. 119.01(D) defines an "adjudication" as follows:
 "Adjudication" means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature.
R.C. 119.12 provides, in relevant part, that: "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication * * * may appeal from the order of the agency to the court of common pleas."
The informal hearing findings of March 10, 1999 do not constitute an adjudication within the meaning of R.C. 119.01(A). Under the procedure set forth in R.C. 4123.352(C), SIEEB conducted an informal hearing and ordered Hillside to take corrective action, to wit: to pay the employees' medical bills within thirty days of receiving the order. If Hillside fails to comply, it is only after a subsequent hearing, one conducted pursuant to R.C. Chapter 119 and the rules of the bureau, that SIEEB makes a recommendation to the administrator for discipline.
In this case, no hearing under R.C. Chapter 119 has taken place, no recommendation of discipline has been made to the administrator, and no final decision adverse to Hillside has been made. SIEEB's order was not one issued as a result of an R.C. Chapter 119 adjudication. Accordingly, the trial court was without jurisdiction to entertain Hillside's appeal. The first assignment of error is overruled. Our resolution of the first assignment of error is dispositive of the remaining assignments of error with the exception of the fourth assignment of error.
In the fourth assignment of error, Hillside argues the trial court should have first required SIEEB to submit a certified record of proceedings because the content of such a record was germane to and dispositive of the jurisdictional issue. The informal hearing findings were before the trial court and part of the record on appeal. It is apparent from those findings and the statutory scheme creating SIEEB that the common pleas court lacks subject-matter jurisdiction. Hillside has not identified any items that it believes were part of the record before SIEEB that would alter this holding. The fourth assignment of error is overruled.
Based on the foregoing, Hillside's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
PETREE and GLASSER, JJ., concur.
GLASSER, J., retired, of the Sixth Appellate District, assigned to active duty under the authority of Section6(C), Article IV, Ohio Constitution.